# RICHARD J. LEWIS v. A. M. LAWTON.[1]

June 24, 1921.

No. 22,257.

**Partnership in profits from sale of land — evidence sufficient to support verdict.**

Action to recover a share of profits on a sale of land on the theory there was a partnership agreement in reference thereto. Jury was charged that if the parties agreed that the net profits of the sale should be divided, plaintiff was entitled to recover his share of them. Verdict for plaintiff. Appeal from denial of new trial on sole ground that verdict was not justified by the evidence. *Held:* There was evidence enough to support the verdict and the trial court properly refused to set it aside. [Reporter.]

Action in the district court for Ramsey county to recover $666.67, one-third of the profits due plaintiff under a partnership agreement relating to a sale of land. The case was tried before Michael, J., and a jury which returned a verdict for $679. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Walter L. Chapin,* for appellant.

*Moore, Oppenheimer & Peterson,* for respondent.

PER CURIAM.

Appeal from an order denying a new trial of an action to recover a share in the profits of a sale of land on the theory that there was a partnership

[1]Reported in 183 N. W. 517.

agreement relating to such sale. The trial was by jury and the verdict in plaintiff's favor.

The sole ground upon which defendant seeks a reversal is that the verdict was not justified by the evidence. The case was submitted to the jury under an instruction that, if the parties agreed that the land should be purchased or handled by them as a partnership venture and the net profits resulting from a sale of the land should be divided, plaintiff was entitled to recover his share of the profits. No question was raised as to the propriety of the instruction. The evidence that the land was purchased by plaintiff and defendant as a partnership venture was weak and unsatisfactory. If plaintiff's right to recover depended entirely upon the sufficiency of the evidence to support a finding that it was so purchased, we might hesitate to affirm the order, but there was clearly evidence enough to warrant the jury in finding that in securing a purchaser for and effecting a sale of the land, the parties acted under their agreement that net profits realized as the result of sales accomplished by their joint efforts should be treated as partnership earnings. It follows that the trial court was right in refusing to set aside the verdict.

Judgment affirmed.